UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY PATRICK (1),<br><br>　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | Criminal No. 02-CR-1714-L-1<br><br>**ORDER DENYING MOTION FOR MODIFICATION OF TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(C)(2)** |

On December 19, 2011, Petitioner Edric Charles Jordan ("Petitioner"), proceeding *pro se*, submitted a letter to the court, which the Court construes as a motion for relief of sentence pursuant to 18 U.S.C. § 3582(c)(2). Petitioner's motion is based upon the retroactive amendments to the Sentencing Guidelines that pertain to crack cocaine offenses which became effective November 1, 2011. The Government has filed a response and opposition, and Petitioner did not filed a reply. The Court has reviewed the record, the submissions of the parties, and the supporting exhibits and, for the reasons set forth below, **DENIES** Petitioner's motion.

**BACKGROUND**

A superseding indictment filed in December 2003 charged Petitioner with Conspiracy to Possess with Intent to Distribute at Least 500 Grams of Cocaine (Count 1) and Possession of Cocaine with Intent to Distribute (Count 2). Petitioner was convicted by a jury of both counts in April 2005. In December 2005, this Court sentenced Petitioner to 211 months of imprisonment. The Court

determined that Petitioner's base offense level was 28 because the offense involved 2 kilograms of cocaine. The Court also found that Petitioner was an "organizer/leader," which increased the offense 4 additional levels. The total offense level of 32, coupled with Petitioner's criminal history category of V, resulted in a Guideline advisory range of 188-235 months. The Court notes that no crack cocaine figured into either Petitioner's Guideline calculations or his sentence.

On August 19, 2008, the Court denied Petitioner's prior §3582 motion based on the 2007 amendments to the Sentencing Guidelines related to crack cocaine. The Court found Petitioner was not eligible for a sentence reduction because his offenses involved cocaine, not crack cocaine. (Docket No. 550.)

## DISCUSSION

Petitioner now moves for a reduction of his sentence, pursuant to 18 U.S.C. § 3582(c), based on Amendment 750 to the Sentencing Guidelines. Amendment 750 reduces the base offense level for crack cocaine offenses in § 2D1.1(c) of the Sentencing Guidelines, by applying an 18:1 crack-to-powder ratio, instead of a 100:1 ratio. *See* Amendment 750, Supplement to Appendix C, Amendments to the Guidelines Manual. The Sentencing Commission has given this amendment retroactive effect and has listed it in § 1B1.10(c) of the Guidelines, a requirement for retroactive amendments. *See* U.S.S.G. § 1B1.10(c)

Petitioner, however, is not eligible for this reduction because crack cocaine did not figure into either his Guidelines calculation or his sentence. The Court may only reduce a sentence under § 3582(c)(2) if the Guidelines sentencing range "has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Petitioner was sentenced under the powder cocaine Guidelines, not the crack cocaine Guidelines. The powder cocaine Guidelines have not changed. Therefore, Petitioner's motion for relief of sentence pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.

**IT IS SO ORDERED.**

DATED: March 16, 2012

M. James Lorenz
United States District Court Judge

COPIES TO:

PETITIONER
U.S. ATTORNEY'S OFFICE
U.S. PROBATION